IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SAMUEL REYES REYES,

Petitioner

v.                                                                    CIVIL 12-1727 (JA)

COMMONWEALTH OF PUERTO RICO,

Respondent

OPINION AND ORDER

I. FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 1996, now petitioner under 28 U.S.C. § 2254 Samuel Reyes Reyes was sentenced by the Bayamon Superior Court to 99 years of imprisonment for first-degree murder, and weapons law violations.  Petitioner appealed that sentence and on December 30, 1999, the Puerto Rico Court of Appeals affirmed the judgment of conviction.  (Case No. KLAN1997-0671).  On May 28, 2009, petitioner filed a motion to vacate sentence and for new trial under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, which motion was denied by the Bayamon Superior Court on July 28, 2009. An appeal followed. On November 18, 2009, the Puerto Rico Court of Appeals affirmed that denial.  <u>Pueblo de Puerto Rico v. Reyes Reyes</u>, 2009 WL 6038149 (November 18, 2009). Because the appellate court found the petition vague, it was treated as a petition for a writ of

CIVIL 12-1727(JA)                                        2

certiorari, and denied as such.  Therefore, his previous request for an extraordinary remedy has been denied.

This matter is before the court on pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Samuel Reyes Reyes on September 6, 2012. (Docket No. 2).  He arms a plenary, detailed attack on the evidence presented at trial, including the Commonwealth lying star witness at trial, illegal search and seizure, fabrication of evidence, and his attorney burdened under a conflict of interest due to threats from the police.  He also alleges that there is newly discovered evidence which warrants a new trial, including several sworn statements contradicting the testimony of the Commonwealth's star witness at trial, now deceased.  Within those claims is one of ineffective assistance of counsel.  Petitioner does not address any procedural barriers to the consideration of his petition.

The Commonwealth of Puerto Rico filed a comprehensive responsive pleading on July 12, 2013 seeking dismissal of the claim for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure. (Docket No. 24).  It argues that the petition rehashes every claim that has previously been raised and decided by the trial and appellate court of the Commonwealth and that there are no violations of constitutional consequence presented. It further concludes that the petition is time-barred.

CIVIL 12-1727(JA)                                        3

## II. ANALYSIS

A federal court will consider an application for a writ of habeas corpus, when a petitioner asserts that his conviction is in violation of the Constitution of the United States. 28 U.S.C. §2254(a). "It is commonly said that 'mere' errors under state law in the admission of evidence are not recognizable under federal habeas review. This means that the question is not whether the admission of the evidence was state-law error, but whether any error rendered the trial so fundamentally unfair that it violated the Due Process Clause." Kater v. Maloney, 459 F.3d 56, 64 (1st Cir. 2006); Collanzo v. Perry, 2010 WL 428960 at *3 (D.N.H. 2010.

Title 28 U.S.C. § 2254(d) reads thus:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)

With the guidance of this statute in mind, I have reviewed the record in this

CIVIL 12-1727(JA)                           4

case and conclude that petitioner is not entitled to extraordinary relief.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

In asserting ineffective assistance of counsel, the petitioner has the burden of proving that his counsel failed to provide adequate legal assistance and that the assistance provided to him was below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-688, 104 S.Ct. 2052 (1984); United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003). He must also show that the outcome of the proceedings would have been altered if his counsel had provided effective legal assistance. See Strickland v. Washington, 466 U.S at 682, 104 S.Ct. 2052.

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. The right to counsel is "the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441 (1970), citing, among others, Powell v. Alabama, 287 U.S. 45, 57, 53 S.Ct. 55, 55-60 (1932). To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

The two part test for constitutionally ineffective assistance of counsel was set forth in the Strickland case. Strickland v. Washington, 466 U.S. at 687, 104

CIVIL 12-1727(JA)                                5

S.Ct. 2052; see also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996); Knight v. United States, 37 F.3d at 774.  The petitioner "must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.'" Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S.Ct. 2052).

"'[J]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.'" Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052); see United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012); United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012).  The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d at 23 (quoting Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052).

The second element of the Strickland test "also presents a high hurdle.  'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. 2052).  There must exist a reasonable

CIVIL 12-1727(JA) 6

probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Dugas v. Coplan, 428 F.3d 317, 334 (1st Cir. 2005) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052). "[A] reasonable probability is one 'sufficient to undermine confidence in the outcome.'" González-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052 ); see Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012).

There is nothing in the current petition that raises issues of effective assistance that have not been resolved by the Commonwealth courts previously. If this court were to resolve the argument, it would in fact be reviewing the state court's decision-making process while ignoring the strongest principles of federalism, comity, finality and legality. Findings of fact by the state court are entitled to great deference, and so such deference is recognized herein. See Pettiway v. Vose, 100 F.3d 198, 200 (1st Cir. 1996). As for the performance of counsel, the local courts adequately addressed the legal representation below and this court cannot review that reasonable determination.

B. STANDARD OF REVIEW, RULE 12(b)(6)

Respondent has moved under Fed. R. Civ. P. 12(b)(6) for dismissal of the complaint. Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R.

Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 5[4]7, 127 S.Ct. 1955 (2007)); Arroyo-Perez v. Demir Group Intern., 733 F. Supp. 2d 322, 323 (D.P.R. 2010); Wallace v. State of New Hampshire, 2010 WL 520904 at *1; Legere v. Gerry, 2010 WL 398960 at 1 (D.N.H. 2010).

Further, "[i]n ruling upon a [Federal] Rule [of Civil Procedure] 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." Marrero-Gutiérrez v. Molina, 447 F. Supp. 2d 168, 172 (D.P.R. 2006) (citing Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 127 S.Ct. 1955). In a situation "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the

CIVIL 12-1727(JA)                                              8

pleader is entitled to relief.'"  Id. at 679 (quoting Fed. Rule Civ. P. 8(a)(2)); Arroyo-Perez v. Demir Group Intern., 733 F. Supp. 2d at 323.

In the present petition, there are numerous conclusions which have already been considered on numerous occasions by the Commonwealth courts, decided by those courts, and presented to this court again. Petitioner has presented more of a memorandum of fact incorporated in his motion, instead of a memorandum of law.  In fact, the memorandum skirts the law, particularly when it applies to concepts of finality and propriety of issuance of the extraordinary writ.   "'The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. . . . This short and plain statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'  Medina v. Toledo, 718 F. Supp. 2d 194, 201, 2010 WL 2404448, at *5 (D.P.R. June 9, 2010) (quoting Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009))'". Luis Santiago v. Santiago, 731 F. Supp. 2d 202, 205 (D.P.R. 2010).  As lengthy as the petition is, and with the mass of information provided, a plain statement  of the grounds for relief has not been presented.

C.  LIMITATIONS

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief.  See Pratt v. United States, 129 F.3d

CIVIL 12-1727(JA)                                          9

54, 58 (1st Cir. 1997); <u>Diaz-Castro v. Roman-Roman</u>, 683 F. Supp. 2d 189, 193 (D.P.R. 2010).  The current petition was clearly filed over a year from the date petitioner's sentence became final and unappealable, as well as over a year after his last state collateral attack became final.  See e.g. <u>McGinn v. New Hampshire State Prison</u>, 2007 WL 2410383 at *2 (D.N.H. 2007).

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences.  In its pertinent part, section 2244(d)(1) reads:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

CIVIL 12-1727(JA)                                              10

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

The argument of the Commonwealth that the petition is time-barred is correct.  The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011).  For example, considering the most generous scenario, a conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him.  Griffith v. Kentucky, 479 U.S. 314, 321 (1987); United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000).  Accordingly, as in section 2255 motions, the judgment is considered to be "final" when the Supreme Court denies a petition for a writ of certiorari, and it is from that date that the limitations period starts to run.  See Griffith v. Kentucky, 479 U.S. at 321 n.6; United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000); United States v. Thomas, 203 F.3d 350, 352-53 (5th Cir. 2000) (and cases therein cited).

The Commonwealth appellate court ruled against petitioner on November 18, 2009.  The current petition is therefore time-barred.   And there is nothing in

CIVIL 12-1727(JA)                                              11

the record to suggest that petitioner could not have filed this petition for extraordinary relief within the time allowed by federal statute.

### III. CONCLUSION

Petitioner Samuel Reyes-Reyes has sought habeas corpus relief but ultimately the issues raised have been resolved against him without any offense to the United States Constitution.  Furthermore, under the AEDPA, the petition is time-barred.  Therefore this action brought under 28 U.S.C. §2254 is dismissed.  The Clerk will enter judgment accordingly.

SO ORDERED.

At San Juan, Puerto Rico, this 15TH day of October, 2013.


                                          S/JUSTO ARENAS
                                     United States Magistrate Judge